## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CS TECHNOLOGY, INC.<br>One Penn Plaza, 54th Floor<br>New York, NY 10119,<br><br>        Plaintiff,<br><br>  v.<br><br>KENNETH T. CUCCINELLI, Director<br>U.S. Citizenship and Immigration Services<br>20 Massachusetts Avenue, NW<br>Washington, DC 20529<br><br>KEVIN MCALEENAN, Secretary<br>U.S. Department of Homeland Security<br>650 Massachusetts Avenue, NW<br>Washington, DC 20001<br><br>LAURA B. ZUCHOWSKI, Director<br>U.S. Citizenship and Immigration Services<br>Vermont Service Center<br>75 Lower Welden Street<br>St. Albans, VT 05479,<br><br>        Defendant. | Civil Action No. 19-cv-3025 |

## COMPLAINT

### Introduction

1.　　Plaintiff CS Technology, Inc. ("CS Technology") challenges the unlawful denial of its nonimmigrant petition (EAC-19-151-50341) seeking approval of H-1B classification on behalf of Mr. Mukul Thakker under 8 U.S.C. § 1101(a)(15)(H).

2.　　CS Technology is a leading advisory firm that provides strategy and implementation service to world-class companies seeking to unlock the value of their IT portfolio investments. CS Technology aims to be the premier architect, champion, and executor

of technology infrastructure transformation and strive to transform technology to provide maximum measurable business benefit by helping clients realize a return on their enterprise portfolio spend. CS Technology's Digital Transformation Practice provides client deliverables based on user needs, product specifications, product development timelines, and product requirements.

3.      As described in its initial petition to U.S. Citizenship and Immigration Services (hereinafter "USCIS" or "the Service"), CS Technology seeks to employ Mr. Thakker in the role of Associate within their Digital Transformation Practice to develop innovative solutions, code, test, and program applications for use by clients in the company's portfolio. Classified in the "Computer Occupations, All Other" occupation, of which Computer Systems Engineers/Architects is a sub-classification according to the U.S. Department of Labor taxonomy, the minimum requirements of the role included "attainment of a Master's degree in Information Systems, Information Technology or a related field." *See* CS TECH_H1B_Record 040-042.).

4.      On August 28, 2019, USCIS denied the H-1B petition, concluding that "…you have not established that you have specialty occupation work available for the beneficiary, the evidence of record does not establish that the beneficiary will perform services in a specialty occupation as required by 8 CFR 214.2(h)(4)(i)(A)(1) and therefore that the job offered qualifies as a specialty occupation under section 101(a)(15)(H)(i)(b) of the Act." *See* CS TECH_H1B-_Record 221-229.

5.      The denial of the petition by USCIS runs counter to, and fundamentally disregards, substantial evidence in the record. The decision is arbitrary and capricious and an abuse of its discretion, and not in accordance with the law.

6.      Plaintiff CS Technology seeks an order overturning the denial and requiring USCIS to adjudicate and approve its H-1B nonimmigrant petition.

## Jurisdiction and Venue

7.      This is a civil action brought under 5 U.S.C. §§ 702, 704 of the Administrative Procedure Act ("APA"). This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question subject matter jurisdiction) and 28 U.S.C. § 1361. This Court also has authority to grant declaratory relief under 28 U.S.C. §§ 2201–02, and injunctive relief under 5 U.S.C. § 702, and 28 U.S.C. § 1361. The United States waives sovereign immunity under 5 U.S.C. § 702.

8.      Venue is proper under 28 U.S.C. § 1391(e)(1)(A) as a civil action brought against officers and agencies of the United States in their official capacities in the district where the Defendants reside.

## Parties

9.      Plaintiff CS Technology is a Delaware corporation headquartered in New York, NY.

10.      Defendant USCIS is a component of the U.S. Department of Homeland Security ("DHS"), 6 U.S.C. § 271, and an "agency" within the meaning of the APA, 5 U.S.C. § 551(1). USCIS adjudicates petitions for immigration benefits, and denied the nonimmigrant petition CS Technology filed on behalf of Mr. Thakker.

11.      Defendant Kenneth L. Cuccinelli is the Director of USCIS. He has ultimate responsibility for the denial of CS Technology's petition and is sued in his official capacity.

12.      Defendant Kevin McAleenan is the Secretary of DHS, and is sued in his official capacity.

13.     Defendant Laura B. Zuchowski is the Director of the Vermont Service Center, and is sued in her official capacity. She leads the specific office within USCIS that adjudicated the petition.

## Legal Framework

14.     The Immigration and Nationality Act ("INA") provides H-1B classification for foreign nationals, in pertinent part, "coming temporarily to the United States to perform services… in a specialty occupation." 8 U.S.C. § 1101(a)(15)(H).

15.     A specialty occupation is a position that requires the theoretical and practical application of a body of highly specialized knowledge, and attainment of a bachelor's or higher degree in the specific specialty (or its equivalent) as a minimum for entry into the occupation. 8 U.S.C. § 1184(i)(1).

16.     DHS regulations define specialty occupation to mean "an occupation which requires theoretical and practical application of a body of highly specialized knowledge in fields of human endeavor including, but not limited to, architecture, engineering, mathematics, physical sciences, social sciences, medicine and health, education, business specialties, accounting, law, theology, and the arts, and which requires the attainment of a bachelor's degree or higher in a specific specialty, or its equivalent, as a minimum for entry into the occupation in the United States." 8 C.F.R. § 214.2(h)(4)(ii).

17.     Implementing regulations at 8 C.F.R. § 214.2(h)(4)(iii)(A) further provide that a position will satisfy the statutory definition of specialty occupation if it meets one of the following criteria:

- A baccalaureate or higher degree or equivalent is normally the minimum

requirement for entry into the particular position;

- The degree requirement is common in industry in parallel positions among similar organizations or, in the alternative, an employer may show that its particular position is so complex or unique that it can be performed only by an individual with a degree;

- The employer normally requires a degree or equivalent for the position; or

- The nature of specific duties are so specialized and complex that knowledge required to perform the duties is usually associated with attainment of a baccalaureate or higher degree.

18.     To perform services in a specialty occupation, a beneficiary must, *inter alia*, hold a U.S. bachelor's or higher degree from an accredited college or university (or a foreign degree determined to be equivalent) as required by the specialty occupation. 8 C.F.R. § 214.2(h)(4)(iii)(C).

**Factual Allegations**

19.     USCIS accepted an H-1B nonimmigrant petition filed by Plaintiff on behalf of beneficiary Mr. Mukul Thakker on April 11, 2019.

20.     Mr. Thakker has been employed by CS Technology in the proffered role of Associate since December 2018. He is currently authorized to work in the United States through June 17, 2021, pursuant to an Extension of his Optional Practical Training Employment Authorization Card. *See* CS TECH_H1B_Record 219-220.

21.     Mr. Thakker earned a Master's degree in Information Systems from Stevens Institute of Technology in May 2018. Mr. Thakker also holds a Bachelor of Engineering in

Information Technology awarded in January 2017 the University of Mumbai.

22.     As the Plaintiff described in its initial letter of support and the Employer Response Letter, the position of Associate within the Digital Transformation Practice at CS Technology entails a range of duties that requires specific technical skills to design simulations and portfolios to analyze performance of software products under different operating conditions in addition to evaluating process flows to identify opportunities for improvement. This includes responsibility over programming practices unique to the company, and the automation, integration, and deployment of applications with re-usable components to be leveraged in support of cross-device and platform stability for the company's enterprise line of business applications. The complex, multi-faceted projects for the development of each application require an understanding of user needs and product specifications, and most importantly a background in Information Systems, Information Technology, or a closely related field in order to perform the computer systems engineering and architecture duties of the Associate position. *See* CS TECH_H1B_Record 040-042; CS TECH_H1B_Record 119-127..

23.     USCIS issued a Request for Evidence ("RFE") on May 23, 2019, and called for additional evidence that the position offered to the beneficiary meets the requirements for a specialty occupation, and additional evidence that the beneficiary will perform services in a specialty occupation. *See* CS TECH_H1B_Record 092-098.

24.     Plaintiff submitted its timely response on August 15, 2019, and, along with substantial evidence documenting the "specialty occupation" nature of the position, attached a support letter from John Rosato, Chief Executive Officer at CS Technology. This letter provided highly detailed explanations of the beneficiary's proposed day-to-day job duties and the company's minimum requirements for the role, and tied these requirements to both the relevant

education and skills necessary to complete the job duties in accordance with the company's specific needs for this particular role. *See* CS TECH_H1B_Record 119-127..

26.     The Employer Response Letter also provided a comprehensive description for each of the five (5) projects Mr. Thakker would be handling as an Associate during the requested period of employment under H-1B status, along with a timeline of the expected period of duration for each project. The collective duration of the projects spans the length of the requested H-1B validity period. CS Technology further elaborates on Mr. Thakker's role in each project, and explains in explicit detail how each project is directly related to his daily job responsibilities by providing a step by step outline of each project's expected progression. Id.

26.     To clarify the lengthy duration of each project, the Employer Response Letter states, "[t]ypically, an IT consulting project goes through various stages such as Requirement Gathering, Process Planning, Development, Testing and Go Live. Mr. Thakker is responsible to participate and lead the project through these stages." Id. Further, the Employer Response Letter confirmed that the beneficiary would be responsible for "future maintenance and enhancements for the application as well." Id.

27.     Plaintiff also provided examples of a pending project that details each step in process including Azure Boards (Project Management Tool) management and pipeline images showing each software release with the implementation of certain coding changes. *See* CS TECH_H1B_Record 200-216.

28.     Plaintiff submitted the following documentation, uncontroverted by Defendants, as evidence of the specialized nature of the role as well as the availability of specialty occupation work for the duration of the requested H-1B validity period:

- Initial Employer Support Letter;

- Employer Response Letter;

- Labor Condition Application; and

- Evidence of specialty occupation work (screenshots of Azure Boards Project Management Tool).

29.     USCIS ultimately denied Plaintiff's petition on August 28, 2019. Without properly addressing the ample evidence provided and focusing entirely on the lack of peripheral documents to establish that there will be specialty occupation work available to the beneficiary for the requested H-1B validity period, the denial concludes that Plaintiff did not establish that the beneficiary will perform services in a specialty occupation as required by 8 C.F.R. § 214.2(h)(4)(i)(A)(1). *See* CS TECH_H1B_Record 221-229. We note that the denial is vague as to whether the position itself is considered a specialty occupation. As the purported lack of availability of specialty occupation work is the sole reason cited in the denial, it is presumed that the position itself qualifies as a specialty occupation.

30.     Defendants failed to accord any evidentiary weight to the statements in Plaintiff's Employer Response Letter, notwithstanding the fact that Defendants had no basis to find such statements not credible, and the fact that Plaintiffs are the best and source of factual information regarding the sufficiency and longevity of the specialized knowledge work that it anticipates it will have for the beneficiary.

31.     Defendant's failure to accord evidentiary weight to the statements in the Employer Response Letter is patently inconsistent with the agency's own precedent, Matter of Treasure Craft of California, 14 I. & N. Dec 190 (Reg. Comm. 1972), which affirms that a petitioner's statement should only be rejected when it is contradicted by other evidence in the record.

32.     Defendants also failed to accord appropriate evidentiary weight to Plaintiffs'
representation, made under penalty of perjury, that the beneficiary is a direct employee of the
company and therefore not subject to contractual obligations for specific, time-limited work.
Defendants even state in their denial that they understood the "beneficiary will be assigned *to
work in-hous*e at your office of One Penn Plaza, 54th Floor, New York, NY 10119)." *See* CS
TECH_H1B_Record 224.(emphasis added). There were no statements within the entire
evidentiary record that suggest or allude to Mr. Thakker being placed at a third-party worksite.
Apart from Mr. Thakker being an employee at-will, there is no evidence whatsoever that
contradicts, undermines or provides a basis to dispute Plaintiffs' clear representation that Mr.
Thakker is an employee who will directly for Plaintiffs, at one of Plaintiffs' offices.

33.     Furthermore, the assertion by the Defendants that the work sample for the
Workplace App Requirements Document Projection Plan "appears to be for a speculative
project" is invalid and baseless as CS Technology clearly states in the Employer Support Letter
that KKR Workplace App is a project that began in May 2019 and is expected to continue until
May 2021. *See* CS TECH_H1B_125-127. The Service's RFE requested additional evidence that
included, "[a] detailed statement from your company…to: explain the actual duties the
beneficiary will perform; indicate the percentage of time devoted to each duty; state the
education, experience, training, and special skills required to perform these duties; and explain
how the educational requirements relate to the position."  CS Technology provided exactly what
was requested in the Employer Response Letter dated August 14, 2019. *See* CS
TECH_H1B_119-127.

34.     The evidentiary record clearly demonstrates that Mr. Thakker will perform
services in a specialty occupation as an Associate at CS Technology, and that the position of

Associate is a specialty occupation, as required by 8 CFR § 214.2(h)(4)(i)(A)(1), and that

Plaintiff is offering Mr. Thakker a tangible, non-speculative position in that specialty occupation

in its offices, located at One Penn Plaza, 54th Floor, New York, NY 10119.

35.     This denial leaves Mr. Thakker at risk of losing his work authorization upon the

expiration of his Employment Authorization Card.

36.     Unless the Court vacates the denial of CS Technology's petition, the company

will likely lose the services of a valuable employee in the United States.

**Exhaustion**

37.     The August 28, 2019, denial by USCIS of CS Technology's petition constitutes a

final agency action under the APA, 5 U.S.C. § 704. Neither the INA nor DHS regulations at 8

C.F.R. § 103.3(a) require administrative appeal of the denial.

38.     Under 5 U.S.C. §§ 702 and 704, CS Technology has suffered a "legal wrong" and

has been "adversely affected or aggrieved" by agency action for which there is no adequate

remedy at law.

**CAUSE OF ACTION**

**COUNT I**

**Administrative Procedure Act Violation (5 U.S.C. § 706)**

39.     Plaintiff incorporates the allegations set forth in the preceding paragraphs.

40.     Defendants' denial of the Plaintiff's nonimmigrant petition constitutes final

agency action that is arbitrary, capricious, an abuse of discretion, and not in accordance with the

law.

41.     No rational connection exists between the conclusions asserted by USCIS in its

denial and the facts in the record.

## REQUEST FOR RELIEF

The Plaintiff requests that this Court grant the following relief:

     1.     Declare the Defendants' denial of CS Technology's H-1B petition is unlawful.

     2.     Vacate the denial and order Defendants to promptly approve the nonimmigrant petition.

     3.     Award Plaintiff its costs in this action; and

     4.     Grant any other relief that this Court may deem proper.


Dated: October 09, 2019          MORGAN, LEWIS & BOCKIUS LLP


By:/s/ Eleanor Pelta
    Eleanor Pelta (DC Bar No. 418076)
    eleanor.pelta@morganlewis.com


1111 Pennsylvania Avenue, NW
Washington, DC  20004
Telephone:    +1.202.739.3000
Facsimile:    +1.202.739.3001

Attorneys for Plaintiff